WILL CASE.

*Case* 120.

</div>

# Portwood, *et al. vs* Hunter.

## APPEAL FROM THE JESSAMINE CIRCUIT.

*Nun cupative wills.*    *Proof of wills.*

*June* 26.

CHIEF JUSTICE EWING delivered the opinion of the Court.

*The case stated.* THIS is a controversy between the heirs of Ann Hunter deceased, about admitting her nun cupative will to record.

Two witnesses concured in proving that Ann Hunter, at her residence and in her last sickness, declared in substance, in the presence and hearing of each of them, at different times on the same day, *both* of them being present on neither occasion, "that it was her will and desire that John Hunter should have the bed she had loaned him, and that the bed she was then lying on should go to Ann Mouring, the daughter of John Hunter, and the balance of her property to her son, Moses Hunter." Upon which proof the same was recorded in the County Court, as the nun cupative will of Ann Hunter, deceased. An appeal was taken to the Circuit Court, and the order of the County Court affirmed, from which judgment of affirmation, an appeal has been taken to this Court.

Our statute provides, (2 *Stat. Laws,* 1540,) that "no nun cupative will shall be established, unless it be made in the time of the last sickness of the deceased, at his habitation, or, &c," nor when the value exceeds ten pounds, unless it be *proved by two witnesses,* that the testator called on some person present to take notice or bear testimony that such is his will, or words of the like import."

*To establish a nun cupative will, it should appear by the proof of two witnesses, that it was the intention of the decedant to make a will, at the time* We so far concur with the opinion of this Court in the case of *Hann vs Bryant.* (*Pr. Dec.* 318,) as to determine that if it be proved by two witnesses, that a distinct annunciation of an *intention* to make a will, at the time, and the *terms* thereof is made known, that it will suffice, though the witnesses were not called upon or required to take notice of such purpose or intention. The object of the

statute was to require only that the purpose and intention of the testator, and terms of the will, should be clearly established by two witnesses at least. And if the attention of the witnesses was so called to the subject by any form of words, as to enable them to prove such purpose and intention, as well as the terms of the will, clearly and unequivocally, the requisitions of the statute, embraced in the terms "or words of the like import," are substantially complied with. The attention of the witnesses may be called to the subject and their recollections fixed, as well by the terms of the will and language used in making it, as if they were expressly called on to take notice, and as justly remarked by this Court in the case referred to, it would seem to be absurd that the ignorance of the testatrix of this formality, should defeat her purpose and intention.

> Portwood, *et al.*
> *vs*
> Hunter.
>
> specified, no set form of words is necessary to prove the purpose or terms of the will.

Nor do we think that by any fair interpretation of the statute, it is necessary that the publication of the will should be made in the presence and hearing of the *two witnesses*. at the *same time*. The statute only requires that it shall be *proved* by two witnesses, &c. and does not require that the two witnesses shall be present at the same time, or concur in proving the same identical publication.

> It is not indispensable that the publication of a nun cupative will should take place in presence of the *two witnesses* contemplated by the statute, at the same time.

The same statute requires that to make a valid will, as to the realty, when the same is not wholly written by the testator, it shall be attested by *two* or more competent witnesses, *subscribing* their names in his presence. From which it might be as well implied that the two witnesses should *attest* at the same *time*, as that the proof should be made by two witnesses of the publication of a nun cupative will, at one and the same time; yet it has frequently been determined by this Court, that the attestation may be made at different times, provided it was made in the presence of the testator.

Nor can we perceive that greater solemnity or deliberation in making a nun cupative will, would be secured, or more guards thrown around it against frauds and perjuries, by requiring the proof to be made by two witnesses of a single publication, than by allowing the proof to be made by the two witnesses, of separate and distinct pub-

ANDERSON'S
ADM'R.
vs
WELLS, et al.
lications of the same will and desire. Indeed it would rather seem to indicate a more settled purpose and deliberation, when the annunciation is made of the same will and desire, at different times, in the last illness of the testator, than when the same is made only on one single occasion.

It is true that it is proven by one of the witnesses, that

*If the two witnesses required to establish a nuncupative will do not concur as to all the bequests, the will can only be established so far as they do concur.*

the testatrix, in addition to the bed, bequeathed specifically, a cupboard, of little value, to her son John, and the other witness does not recollect or state that such bequest was made in his presence. As to this item of property, as the two witnesses did not concur in proving the specific bequest to John, it was properly omitted in the record of the will made by the County Court, and it may even be questioned, from the proof, whether it should not be regarded as undisposed of estate, and excluded, in the record of the will, from the residuum left to her son Moses. But as it is obvious that the testatrix did not intend to die intestate, as to any part of her estate, we are disposed to permit the record, as made by the County Court, to stand, though it may have the effect to carry the cupboard in the residuum, to her son Moses.

It is, therefore, the opinion of this Court, that the judgment of the Circuit Court affirming the order of the County Court, be affirmed.

*Turner and Willis* for appellant; *Goodloe and Clark* for appellee.