## STRICKER v. OLDENBURGH.

1. **Will: VERBAL: WHEN INVALID.** A verbal will, disposing of personal property exceeding three hundred dollars in value, is invalid.

2. ——: ——: **EVIDENCE.** Where one made a verbal will bequeathing a promissory note of the nominal value of four hundred dollars it was *held*, in the absence of affirmative proof, that notwithstanding the true value was less than three hundred dollars, the will should not be admitted to probate.

3. ——: **WHEN IT SHOULD BE IN WRITING.** In such a case, the will should have been in writing, and it cannot be held valid as to the amount permitted by statute to be bequeathed in a verbal will.

*Appeal from Tama Circuit Court.*

FRIDAY, OCTOBER 23.

THIS is an appeal from the refusal of the Circuit Court to admit an alleged verbal will to probate. The facts are stated in the opinion.

*Struble & Goodrich*, for appellant.

*Applegate & Kinne*, for appellee.

MILLER, CH. J.—After hearing the testimony of the witnesses offered to prove the will, the court below found the following facts: "That James H. Oldenburgh died in Tama county, Iowa, on the 22d day of April, 1871. The day previous to his death, he being of sound mind and memory and of disposing will, made a verbal will as follows: ' To Christian Stricker the principal of one note or notes for $400,' held by deceased at the time against him; that said will was made orally, during his last sickness, as a disposition of his property in part; that said will was witnessed by James Gray and Hugh Snodgrass, two competent witnessess who appear and testify to the same in court; that the value of the principal of said note or notes was over $300 at the time of his death and the execution of the will."

The conclusions of law upon these facts were, that the will

1. WILL: when invalid. was void because not in writing and witnessed as required by law, and was not entitled to be admitted to probate, and that the applicant pay the costs.

It is provided by Sec. 2311 of the Revision, Code, Sec. 2324, that, "personal property to the value of three hundred dollars may be bequeathed by verbal will, if witnessed by two competent witnesses." Section 2312 provides that a soldier or sailor may dispose of the whole of his personal estate by a will so made and witnessed, and section 2313 provides that "all other wills, to be valid, must be in writing, witnessed by two competent witnesses, and signed by the testator, or by some person in his presence, and by his express direction."

It is urged by counsel for appellant that the court erred in finding as a fact that the value of the property devised by the will exceeded three hundred dollars. The finding of the fact that the principal of the note or notes bequeathed was four

2. ——: ——: evidence. hundred dollars is in strict accord with the evidence, and is not controverted. There was no evidence offered tending to show that owing to the insolvency or inability of the maker to pay, or the like, the note was of less than its nominal value. In the absence of such evidence, the nominal value will be taken as the true value. *Callanan v. Brown & Co.*, 31 Iowa, 333; *Griffith v. Burden*, 35 Iowa,

138. The nominal value of the note or notes bequeathed being $400.00, the court correctly found the value to be greater than the maximum amount for which a valid verbal will may be made.

II. It is next insisted that the will should be held valid to the extent of three hundred dollars. The bequest

3. ——:——: *is of personal property of greater value than*
<br>when it should
<br>be in writing. this sum, and, in order to be valid, under the statute, it should have been in writing, signed and witnessed as the law directs; not being in writing, it is invalid, not simply as to a part of the bequest, but as to the whole. It is the *will* that is invalid where personal property of greater value than three hundred dollars is bequeathed thereby, and not any one single bequest or portion thereof.

The judgment of the Circuit Court must be

AFFIRMED.