Mulligan v. Leonard.

MULLIGAN ET AL v. LEONARD ET AL.

1. **Will**: WHAT CONSTITUTES NUNCUPATIVE WILL: ANIMUS TESTANDI. Where a decedent upon his death bed several times expressed a desire that certain persons should have his property, it was held that the *animus testandi* would be presumed, and his property disposed of in accordance with such desire to the extent to which a nuncupative will would be valid.

2. ———: VALIDITY OF: WHEN IN EXCESS OF STATUTORY LIMIT. The fact that real estate and personal property in excess of three hundred dollars in value are included in a verbal will does not render it invalid, except as to the excess.

3. ———: ———: WITNESSES. It is not essential that the witnesses by whom a nuncupative will is established should have been called upon to witness such will by the testator. .

*Appeal from Wapello Circuit Court.*

THURSDAY, OCTOBER 18.

THIS is a proceeding for the probate of a nuncupative will. Upon a trial involving the merits of the case, the Circuit Court entered a decree establishing the will. Defendants appeal.

*John B. Ennis*, for appellants.

*W. W. Corey*, for appellees.

BECK, J.—I. The decedent, upon his death bed, expressed a desire that the children of a brother should have all his property. This wish was expressed more than once, and at

one time, in response to a question asked him by a friend who was 1. WILL: what present, it is claimed that he expressed the desire constitutes nuncupative with the intention that his words should be under- will: animus testandi. stood as a disposition of his property in the nature ·of a nuncupative will; on the other hand, it is insisted they amount to an expression of his wishes, and nothing more. The physician who attended him testified as follows: "State the disposition he made of his property? Answer: He.wanted James' children to have it; he made that statement some little time before he died. Some one asked what disposition he made of his property; he said he wanted James' children to have it." Another witness present at his death stated: "As to the disposition of his property, I heard him say all he had was for the children; he said all he ever owned he got for his brother's children; he named Mary and John, did not name any others; he said all, everything, he got for his brother's children." A third testifies: "I was present at his death.    *    *    *    *    I asked him what disposition he wanted made of his property; he said he wanted it divided between his brother's children, Mary Mulligan and James Mulligan and the children." One or two other witnesses gave testimony of like import.

We think this intention to make a disposition of his property by the decedent is sufficiently shown. It will be presumed that he spoke with an understanding of the effect of his words; the *animus testandi* will, therefor, be inferred. *Hubbard v. Hubbard*, 8 N. Y., 196; *Parsons v. Parsons*, 2 Greenleaf, 298.

II.   Having reached the conclusion that a disposition of property *animo testandi* was made by the deceased, it becomes 2. ——: validi- necessary to determine whether it is sufficient in ty of: when in law to authorize its enforcement.   Code, Sec. 2324, excess of stat- utory limit. provides that "personal property to the value of three hundred dollars may be bequeathed by a verbal will, if witnessed by two competent witnesses."

The decedent at his death was possessed of certain real estate, and also personal property of the value of about five hundred dollars.   The will sought to be enforced was not a disposition of personal property alone, but of all his estate.

The testator's attention was directed as well to his real as personal property, and his intention was to dispose of his lands in the same manner with his personalty. It cannot be claimed that the will is a lawful disposition of the lands. Is it valid as to personal property within the limit of a nuncupative will prescribed in the statute just quoted?

The law is careful to carry out the intention of a testator when ascertained. If there be restrictions imposed by statute or otherwise, whereby the intention is partly defeated, the whole will is not to be set aside, but shall be enforced so far as it is not inconsistent with the law. The intention so far as established must prevail. Thus, in the case of nuncupation, when the witnesses do not fully agree as to the disposition of the property, the testament will be enforced so far as there is an agreement. *Portwood v. Hunter*, 6 B. Mon., 538. These rules are based upon the doctrine of intentions which control the construction and enforcement of wills. It has never been claimed that a will, valid as to certain property or persons therein named, will not be carried out that far, on the ground that it contains a disposition of other property, which the law will not enforce. *Clemens v. Patterson*, 38 Ala., 721.

III. The record fails to show that the witnesses, upon whose testimony the nuncupation was established in the Circuit Court, were called upon by decedent to witness the will; defendants upon this ground insist that the will cannot be supported. Upon the question here presented there is want of accord in the authorities. They will be found quite fully collected in 1 Redfield on Wills (3d Ed.), pp. 199–201 and notes. It is believed that, so far as the decisions are not controlled by statutory provisions, the preponderance of authority supports the doctrine that a nuncupative will may be proved by witnesses who are not called upon expressly by the decedent to attest his act. In our opinion the true construction of our statute leads to that conclusion. Code, Sec. 2326, provides that wills, other than nuncupations, "must be in writing witnessed by two competent witnesses and signed by the testator, or by some person in his presence and by his express direction." Under this section it need not be shown that the persons attesting a writ-

ten will were requested so to do by the testator. It is sufficient if it appear that they attested the instrument in the manner required by law without the formal request of the party executing it. A will so attested, by two persons not beneficiaries therein, the law regards as "witnessed by two competent witnesses." The same language is used in Sec. 2324 in in regard to nuncupative wills. If the law does not require formal request by the testator of the witnesses to attest the written will, why should a different rule apply to nuncupations? We are unable to discover a reason for the application of a more stringent rule in the last than in the first case. A good reason could be found for relaxing such a rule applicable to written wills, if it did exist, when nuncupations are involved. It is supposed on account of the situation of the parties or the small amount of the property to be disposed of, that a written will cannot be prepared or ought not to be required. The formality of writing is, therefore, dispensed with by the statute. The same reason would demand that the more unimportant formality of calling upon the witnesses in express terms should not be required.

The cases cited by defendant's counsel in support of a different view are English decisions under the statute of 29 Car. 11, Ch. 3, Sec. 19, or American cases based upon similar statutes. The English statute provides that the witnesses, to establish a nuncupation, must have been "bid by the testator to bear witness that such was his will." Substantially the same provisions are found in statutes under which the American decisions following the English rule were made. See *Burnett v. Jackson*, 2 Phillim., 191; *Parsons v. Miller*, Id. 196; *Arnett v. Arnett*, 27 Ill., 247; *Biddle v. Biddle*, 36 Md., 630; *Dawson's Appeal*, 23 Wis., 69; *Sampson v. Browning*, 22 Ga., 293; *Winn v. Bob*, 3 Leigh, 140.

It is presumed that statutes similar in their provisions are found in a majority of the states. This fact accounts for the existence of the rules the several courts have adopted. Our statute being different the decisions referred to have no bearing upon its interpretation. See 2 Jarman on Wills (3d Am. Ed.), p. 133, and notes.

IV. Counsel for defendants urge, as an objection to the judgment of the court below, the admission of certain testimony showing declarations of the decedent in regard to his intentions as to the disposition of his property, made at times prior to the day the nuncupative will was made. This testimony, it is claimed, was erroneously admitted. Without determining the question the position of defendants may be conceded for the purpose of this case. But no prejudice resulted to defendants by the admission of the evidence. The other testimony, excluding all that is claimed to be incompetent, so conclusively supports the court's finding that a different decision would be in conflict with the proof, and for that reason would be set aside. The alleged error is, therefore, no ground for disturbing the judgment of the Circuit Court.

V. By the judgment of the court below the will in question was held valid for the amount of three hundred dollars, to be paid out of the personal estate of decedent. The judgment is in accord with the doctrines above presented. It is, therefore,

                                                      AFFIRMED.