**BROWN v. UNITED STATES.**

No. 6956.

Circuit Court of Appeals, Ninth Circuit.

May 9, 1933.

Alvin Gerlack, of San Francisco, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Sharpless Walker, Asst. U. S. Atty., and H. C. Veit, Insurance Atty. Veterans' Adminis-tration, all of Los Angeles, Cal., for the United States.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Decedent entered the army in June, 1918; in September he died in France. His $10,000 war risk insurance policy named his estate as beneficiary.

In 1926, in the superior court of Inyo county, Cal., Brown, no relation to decedent, petitioned for probate of the latter's will. The petition alleged decedent had been a resident of Inyo county, and that by a nuncupative will uttered in February, 1918, reduced to writing by a witness thereof in November, 1926, he had left "all of his property and money," which was "of the value of not exceeding $100," to Brown and the latter's wife. By order of the superior court, after due notice and hearing, the will was admitted to probate and Brown appointed administrator with the will annexed.

A claim made by him for the insurance was denied by the Veterans' Bureau. He thereupon instituted the present action. During its pendency, the United States attorney, in 1929, petitioned the superior court for Inyo county to set aside the decree of probate. A demurrer to the petition was sustained. Thereupon a trial of the instant case resulted in a judgment for the United States, on the ground that the record in the superior court showed that it lacked jurisdiction in the matter of the probate and that consequently its decree was void. From this judgment, Brown, as administrator, appeals.

1. Appellee contends that as the insurance could not be made payable to any one not within the class of permissible beneficiaries specified in the Act of May 29, 1928, c. 875, § 13, 45 Stat. 967, Supp. VI, U. S. C. title 38, § 511 (38 USCA § 511) it necessarily follows that this result cannot be accomplished indirectly. In Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419, 81 A. L. R. 923 (1932), a soldier who had named his wife as the beneficiary of his yearly renewable term insurance, died intestate, leaving wife and minor son as his next of kin. Then this son and subsequently his widow, who had remarried, died. After her death the commuted value of the unmatured installments was paid to the insured's administrator. The important question was whether his next of kin at his death or those who would have been his next of kin at the time that the named beneficiary, the wife, died, should re-

ceive this money. The court held that as under the Act of March 4, 1925 (43 Stat. 1302), unmatured installments are payable to the insured's estate, his next of kin at the time of his death, the son and wife, would be entitled thereto; and as son and wife had died successively, the administrator of the wife's estate, succeeding to their rights as against the claims of the insured's sister and brother.

The court said (page 497 of 284 U. S., 52 S. Ct. 257, 259): "By that amendment [Act of March 4, 1925, c. 553, 43 Stat. 1302, 1310, 38 USCA § 514], the rule, which, upon the happening of the contingencies named in the prior acts, limited the benefit of the unpaid installments to persons within the designated class of permittees *was abandoned, and 'the estate of the insured' was wholly substituted as the payee.*" (Italics ours.)

This statement clearly indicates that any of the insurance money that thus becomes payable to his estate must be distributed as his general estate is distributed, and therefore the statutory provisions as to the class of persons who could be directly named in the policy itself as beneficiaries do not affect the distribution, if and when the insurance becomes payable in whole or in part to the "estate of the insured." [1] There would seem to be no distinction in this respect whether the insured died intestate or testate. This result was reached where the insured died testate, in In re Young's Estate (Cal. App. 1931) 1 P.(2d) 523 [2] and Ogilvie's Estate, 291 Pa. 326, 139 A. 826 (1927), cited in note 3, page 497 of 284 U. S., 52 S. Ct. 257, 259, in the Singleton Case, as in accord with the text.

Counsel for appellee evidently overlooked the fact that cases on which they rely (In re Estate of Hallbom, 179 Minn. 402, 229 N. W. 344 [1930], and In re Cross' Estate, 152 Wash. 459, 278 P. 414 [1929]), were expressly disapproved. See 284 U. S. at 498, note 3, 52 S. Ct. 257, 259, 76 L. Ed. 419, 81 A. L. R. 923. Indeed, they have failed in brief and argument to cite the Singleton Case.

▇ 2. The contention of appellee which prevailed in the court below is that inasmuch as the former California Civil Code sections [3]

---

[1] For the same reason, administration expenses and debts of the insured's estate would be payable, if necessary, out of the insurance money paid to the estate. Whaley v. Jones, 152 S. C. 328, 149 S. E. 841 (1929), and other cases cited, 284 U. S. 497–498, note 3, 52 S. Ct. 257, 259, 76 L. Ed. 419, 81 A. L. R. 923, as "in accord with the text." Contra, Mason's Adm'r v. Mason's Guardian, 239 Ky. 208, 39 S.W.(2d) 211 (1931).

[2] A superseding opinion in 215 Cal. 127, 8 P.(2d) 846 (1932), strengthens this conclusion.

[3] 1289 and 1290.

under which the will was probated were manifestly not satisfied, the probate court was without jurisdiction and its decree void. It is entirely clear, however, that the requirements of these statutes are not jurisdictional. So far as this record shows, there can be no doubt that the state court had jurisdiction over decedent's estate. Its decree is therefore free from collateral attack. See Cuff v. United States (C. C. A. 9, April 3, 1933) 64 F.(2d) 624. That decree establishes conclusively that the will probated was that of the decedent, executed according to the formalities required by law. See Mutual Benefit Life Ins. Co. v. Tisdale, 91 U. S. 238, 244, 23 L. Ed. 314 (1875), and authorities cited. The California statute in effect when this will was probated expressly provided that: "If no person, within one year after the probate of a will, contest the same or the validity thereof, the probate of the will is conclusive. * * *" Code Civ. Proc. § 1333.

▇ Appellee, by failing seasonably to attack the probate, lost all right to do so. Succession of Justus, 45 La. Ann. 190, 12 So. 130 (1893).

3. What then, if anything, can the administrator recover in this action? Ordinarily he would recover the entire obligation due to the estate: the distribution thereof would be a matter for the court having probate jurisdiction.

▇ The obligation of the United States, however, is measured and recovery under a war risk insurance policy is governed by the federal statute which provides that: "In cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States. * * *" Act, Mar. 4, 1925, c. 553, § 14, 43 Stat. 1310, 38 USCA § 514.

▇ The uncontroverted finding of the District Court was that decedent had no relatives; any property not effectively bequeathed by the will would therefore escheat. Calif. Civ. Code, § 1386. Under the statute, the United States is not obligated to pay the insurance to the administrator and then to come into the probate court and reclaim it because of the escheat. If it "would escheat," it "shall not be paid." In other words, escheat is a defense to payment of the obligation originally incurred or perhaps more accurately, a limitation or condition subsequent inherent in the obligation itself.

▇ Fairly construed, this statutory limitation is pro tanto applicable in case a part only of the estate would escheat.

68

■■■■■ The question for determination then is what, if any, part of the estate passed by the will? Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101 (1905), as well as the other decisions in that litigation, upon which appellant relies, throws no light on the present question.

The California statute provided (Civ. Code, § 1289) : "To make a nuncupative will valid, and to entitle it to be admitted to probate. * * * The estate bequeathed must not exceed in value the sum of one thousand dollars. * * * " See now Probate Code, § 55.

We have found no California case and but few in other jurisdictions that have construed this or similar statutes. In Mulligan v. Leonard, 46 Iowa, 692 (1877), a nuncupative will disposed of personalty worth $500, as well as of realty. Although realty could not be devised by such a will and the limit for personalty was $300, the court (admitted the will to probate, and) said:

"The law is careful to carry out the intention of a testator when ascertained. If there be restrictions imposed by statute or otherwise, whereby the intention is partly defeated, the whole will is not to be set aside, but shall be enforced so far as it is not inconsistent with the law. The intention so far as established must prevail. * * *

"By the judgment of the court below the will in question was held valid for the amount of three hundred dollars, to be paid out of the personal estate of decedent. The judgment is in accord with the doctrines above presented."

Stricker v. Oldenburgh, 39 Iowa, 653 (1874), which was not cited in the Mulligan Case, denied probate under similar circumstances.

We are precluded from considering whether or not the California court erred in admitting to probate this will bequeathing the entire estate, which by including the insurance is in excess not merely of $100, as stated to the court in the petition for probate, but of $1000, the statutory limit. But, while the probate is conclusive that the will is valid, we must now determine how much passed thereby to the legatees, a question not answered by the state court's rulings. In the light of the California statute, the will cannot be held validly to have bequeathed the entire estate. Following the analogy of the Mulligan Case, we hold that it disposed of the statutory maximum of $1,000. The balance of the estate would be distributable as intestate property.

■■■■■ But, before distribution, administration expenses and claims allowed against the estate must be paid. The balance only would escheat. The obligation of the government, therefore, is measured by the $1,000 for the legacy plus the sum required for the claims allowed and the administration costs, less the value of any other property in the estate.

While the petition for probate states that there is property worth less than $100 and it appears, too, that appellant has received some chattels belonging to the deceased, there is nothing in the record to indicate their actual value. Moreover, the record does not disclose what, if any, claims have been filed and allowed against the estate, or the administration costs.

The judgment must be reversed, and the cause remanded for a new trial. A new trial, however, may readily be averted by a stipulation that a judgment shall be rendered in the District Court for plaintiff, as administrator, in the net amount which the parties may agree to be due him in accordance with the foregoing views.

Reversed.