GARRISON, Judge.
A curator is under a strict fiduciary obligation to prudently manage the affairs of the interdict. Succession of Demarest, 418 So.2d 1368 (La.App. 4th Cir.1982). That case involved allegations of mismanagement on the part of the executor of a succession which are almost identical to the case at hand.
As in the present case the executor in Demarest using succession funds paid to have property guarded during a delay caused by his own actions. In Demarest this court noted that the expenditure of $20.00 a day to guard assets which eventually were sold for $60,000.00 “seems a bit exorbitant.” Analyzing the duty of the executor in this situation the court stated “it would appear ... that the executor acting as a fiduciary, should have examined other avenues in order to find a more economical way to obtain protection for the furniture in the house.” The court “seriously question[ed] the need for such protection ... when one considers the many neighborhood services now available.” The court also noted that the record did not reflect that the executor had made any inquiry into the availability of a less expensive means of providing protection for the property.
The present case presents a picture of even greater mismanagement. The moveable property in question was valued by court appointed appraisers, paid for by the estate, at $157,837.00. This is the only appraisal which had been made of this property as of the hearing on the rule to remove the curator. To date the curator has expended approximately $80,000.00 on 24 hour guard service.
This expense alone amounts to approximately ½ of the appraised value of the movable property of the estate located on Esplanade Avenue. Given these values, the only ones which appear on the record, such an expenditure represents gross mismanagement and waste of the estate.
It appears that no steps had been taken as of the date of the hearing in February, 1983, to auction this property, although the curator had been in office for more than ten months. This dilatory conduct is but another indication of the curator’s breach of its fiduciary duty.
Moreover, the curator has failed to explore other effective and far less expensive means such as placing the movables in a warehouse or installing an electronic fire and burglar system. Testimony at the hearing on relator’s motion to remove curator established the availability, effectiveness, and relatively low cost of such a system. The curator has supplied no satisfactory explanation for this gross omission.
In addition, it was established that an all - risk insurance policy with limits consistent with the appraised value of the property was in effect during this entire period. Thus, even were the property to be totally destroyed the estate would have suffered no loss. Given these circumstances it seems inconceivable that Hibernia Bank was acting prudently by spending an additional $6,000.00 per month to guard fully insured property.
Hibernia contends that the reason for the guard service was their uncertainty as to the true value of the property. We find *590 this reasoning to be unpersuasive. If the Bank did not trust the court ordered appraisal or felt that it was inaccurate, it seems that, as a prudent administrator, they should have ascertained the true value of the property before spending such enormous sums on guard service.
The position of curator is one which demands the strictest adherence to the high standard of care placed on fiduciaries. A curator must act exclusively in the best interest of the interdict at all times. He must administer the affairs of the interdict with scrupulous attention to every detail and must explore every avenue available in fulfilling his duty to the interdict. In this case the evidence is overwhelming that Hibernia Bank, as curator, not only failed to examine every means available to preserve the estate of the interdict but in fact has chosen a course of action more costly to the estate than any other. This court cannot condone such conduct on the part of one whom the law has entrusted with the welfare of one incapable of managing his own affairs.
For the foregoing reasons, it is ordered that Hibernia National Bank be removed as curator effective immediately.
WRITS GRANTED.
REDMANN, C.J., dissents with written reasons.