HIGHTOWER, Judge.
In these proceedings, a district court judgment granted a curatrix authority to execute, on behalf of the interdict, a Declaration of Paraphernality reserving as separate property, pursuant to LSA-C.C. Art. 2339, the mineral royalties from the interdict’s separate land. The court also denied a claim by the interdict’s wife for support from her husband’s estate.
On appeal the wife contends that the role and powers of a curator do not include the filing of such a declaration and that her claim for support should have been granted. Finding her arguments to be unpersuasive, we affirm the lower court.
FACTS
James Delbert Haynes and his first wife had four children, but their marriage ended in divorce in 1984. In October 1985, he married Pam Davis and, unfortunately, suffered a totally disabling brain malady two months later. His resulting condition necessitates nursing home care.
On May 15, 1986, his son, Derek Haynes, filed a petition seeking interdiction and asking that a curator and undercurator be appointed. Mrs. Haynes intervened in the suit and, upon her request, was appointed as provisional curatrix
Subsequently Derek Haynes, joined by his father’s sister Terry Haynes Ray, filed an amended petition praying for the appointment of Mrs. Ray as curatrix and himself as undercurator. Mrs. Ray also filed a rule seeking to replace Mrs. Haynes as provisional curatrix because of her alleged mismanagement of the estate. The court, in September 1987, directed the two women to serve as co-provisional curatrixes. Also, Mrs. Haynes was ordered to file an accounting for the period of her sole curator-ship.
In November 1987, Mrs. Haynes filed a petition for a declaratory judgment that royalty revenue from Mr. Haynes’ separate property and his social security disability payments were community property. Mrs. Ray responded by seeking Mrs. Haynes’ removal as co-provisional curatrix. After a hearing, the court, in April 1988, decreed that both items of income were community property, and also removed Mrs. Haynes for mismanagement of the estate. Further, the interdiction was, at last, granted, and Mrs. Ray and Derrick Haynes were appointed curatrix and undercurator, respectively.
Approximately one month after her appointment, Mrs. Ray, with the concurrence of the undercurator, filed a “Petition to File Declaration of Paraphernality.” She alleged therein that all of the interdict’s royalty income, which was then community in character, was needed to pay his nursing home bill and care for him. Consequently, she sought judicial authorization to file a declaration, pursuant to LSA-C.C. Art. 2339, reserving the oil royalties as separate property. Mrs. Haynes filed exceptions of no cause of action and no right of action. Alternatively, alleging that she had no income of her own and was entirely depend *1247 ent upon the interdict, she demanded reasonable support from the interdict’s estate.
The trial court overruled the exceptions and granted the curatrix the authority to file the declaration of paraphernality. Also, as previously stated, the wife’s claim for support was denied.
DISCUSSION
LSA-C.C.P. Art. 4262, which deals with the tutorship of minors but is made applicable to interdiction proceedings by LSA-C. C.P. Art. 4554, in pertinent part states:
The tutor shall take possession of, preserve, and administer the minor’s property. He shall enforce all obligations in favor of the minor and shall represent him in all civil matters. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.
(Emphasis added).
A curator at all times must act exclusively in the best interest of the interdict. He must scrupulously administer the affairs of the interdict and explore every avenue available in fulfilling his duty to the interdict. In Re Interdiction of Ronstrom, 436 So.2d 588 (La.App.4th Cir.1983), writ denied, 437 So.2d 285 (La.1983).
Thus, the curatrix here is legally obliged to preserve and administer the interdict’s separate land which produces the oil royalties; and the proposed filing of the declaration is merely one incident of that administration. We also observe that a reservation of royalties as separate property could be accomplished by Mr. Haynes, had he legal capacity, with neither the concurrence nor even the knowledge of his spouse. See LSA-C.C. Art. 2339.
Moreover, the desired action is surely appropriate in light of the curatrix’s duty to act exclusively in the best interest of the interdict at all times. The evidence establishes, and the trial court observed, that all of the income from the separate property will not satisfy the interdict’s needs, including medical and nursing home expenses. In fact, family members previously have expended their own money on the interdict’s behalf because of either the interdict’s insufficient income while living in full community, or Mrs. Haynes’ mismanagement of the interdict’s estate during her tenure as provisional curatrix. The proposed reservation, then, is permitted by virtue of the curatrix’s management of the interdict’s property and, furthermore, indicates an exploration of every avenue available in fulfilling her duty to the interdict.
Appellant argues that the filing of the Article 2339 declaration is too “personal” an option to be exercised by a curator. She contends, for example, that a curator cannot make an interdict’s will, institute separation or divorce proceedings on an interdict’s behalf, or make unlimited donations of an interdict’s property. Assuming her contentions to be correct only for the sake of argument, they are still unpersuasive. A will, of course, determines how one’s property will be distributed after his death. The authority to prepare such an instrument thus has no relevance to the wise administration of an interdict’s property so that he may be properly cared for during his life. The donation of an interdict’s property would result in a depletion of his estate and is, therefore, properly restricted. Appellee’s action, on the other hand, will enhance the funds available for his care. Since a separation or divorce often stems from non-economic difficulties, one cannot invariably determine, by the application of an objective standard, what an interdict’s decision likely would be regarding his marriage. However, it is surely reasonable to conclude that one would seek to maximize the funds available for his self-care through prudent management.
Similarly, appellant points out that one spouse’s interdiction does not give the other spouse grounds to terminate the community, citing Hotard v. Hotard, 12 La.Ann. 145 (1857). Here, however, appellee has not sought to dissolve the community. Rather, she is merely attempting to reserve certain income as separate property, as authorized by LSA-C.C. Art. 2339. Any other money earned by Mr. or Mrs. Haynes in the future will become community property in the absence of further action by either party.
*1248 The propriety of the curatrix’s desired action having been confirmed, we must address appellant’s contention that she is entitled to support from the interdict’s estate. Mrs. Haynes lives in a trailer provided by her father. She was employed at the time she married but, despite no apparent disability, has not worked since then. Nevertheless, she claims that she has no means of support and that the totally disabled interdict has an obligation to assist her.
LSA-C.C.P. Art. 4556 provides as follows:
The curator shall expend that portion of the revenue from the interdict’s property as is necessary to care properly for his person and, with the approval of the court, to support his legal dependents. If the revenue is insufficient for these purposes, with the approval of the court in the manner provided in Article 4271, the curator may expend the interdict’s capital.
Appellant argues that the above quoted language obliges the curatrix to provide her support from the revenue on an equal footing with the interdict. If need be, she contends, the curatrix should expend capital as well as revenue to meet both obligations.
The wording of the article clearly indicates that the curatrix must expend sufficient revenue to care for the interdict. However, any expenditures for dependents are subject to “the approval of the court.” In addition to impliedly establishing an order of priority for the spending of revenue, the article institutes judicial supervision to insure that the interdict’s needs are being met before any funds are provided to the dependents. Other authority also supports such an interpretation.
LSA-C.C. Art. 418 provides, “The income of the person interdicted shall be employed in mitigating his sufferings, and in accelerating his care, under the penalty against the curator of being removed in case of neglect.” The interdict, then, is obviously intended to be the primary, and if need be sole, beneficiary of his income. True, LSA-C.C.P. Art. 4556, as indicated by the official revision comments, is in accord with the jurisprudential rule of In Re Leech, 45 La.Ann. 194, 12 So. 126 (1893), where an interdict’s wife and children were given support from his income. However, the revenue in that case was sufficient to satisfy both the needs of the interdict and his family, a situation vastly different from the present one.
Finally, appellant argues that the capital should be invaded to support the dependents if the revenue does not suffice. Before the capital may be expended, however, LSA-C.C.P. Art. 4556 mandates court approval. Even then, the article states that “the curator may expend the interdict’s capital.” (Emphasis added). Such wording indicates that the curator’s action is permissive rather than mandatory. See LSA-C.C.P. Art. 5053. Furthermore, the use of the capital, just as any other decision by a curator, must accord with principles of prudent management and the interdict’s best interest. Hence, under the facts of this case in which the interdict’s needs are substantial and his assets are limited, the curatrix is under no obligation to disturb the interdict’s capital to provide money to appellant.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs are to be borne by appellant.
AFFIRMED.