liCARAWAY, Judge.
Mittie Ola McLin Fields owned and operated the Silver Moon Barbecue, an unincorporated business on Milam Street in Shreveport, from 1949 until 1995 when she was interdicted. This dispute between Ms. Fields’ children, Dorothy Caldwell Mike, Bobby Caldwell and Maxine Caldwell Burke (hereinafter “Dorothy,” “Bobby,” and “Maxine,” respectively), concerns Maxine’s actions as curatrix for her mother’s estate in the maintenance of the Silver Moon Barbecue. Finding no error in the trial court’s ruling directing the curatrix’s actions, we deny Maxine’s claims in this appeal and affirm..

Facts

In July of 1994, Maxine, who was living in Washington, returned to Shreveport to assist her aging mother with her personal and business affairs. On November 9, 1994, Maxine filed a petition to interdict Ms. Fields and to be appointed provisional curatrix of the property of Ms. Fields. Pursuant to an order dated December 5, 1994, Maxine was authorized and directed to continue operations of the Silver Moon Barbecue. Final judgment for the interdiction was rendered August 21, 1995, naming Maxine as curatrix.
Also in August, 1995, Maxine took action to form a new corporation, Silver Moon Barbeque, Incorporated. Maxine acquired all the shares of the corporation. Maxine testi- *859 fled that she used her own capital in the business, including the purchase of a freezer, stove and electrical repair work on the leased premises. Maxine attempted to justify her actions at trial with evidence that the Silver Moon had become unprofitable. Her intentions with the new corporation were to attempt to restore the business with her own capital and effort and to alleviate the considerable risks of the business from her mother’s estate.
|2On November 20, 1995, Maxine filed in these proceedings a Petition to Terminate Operations, seeking to close the Silver Moon, from the standpoint of her mother’s continued ownership in the business. Maxine alleged that the restaurant lost over $42,000 between 1989 and 1994, and was delinquent in its payroll and payment of sales taxes.
Maxine’s actions regarding her mother were made without contacting her sister and brother, Dorothy and Bobby. Maxine stated at trial that because Dorothy and Bobby were not raised with her in Ms. Fields’ home, she had no relationship with them. Dorothy and Bobby filed a petition on October 5,1996, requesting the removal of Maxine as euratrix pursuant to La. R.S. 9:1025. Initially, Dorothy and Bobby alleged that Maxine was preventing them from having contact with their mother. By the time of trial, Maxine’s actions for the incorporation of the Silver Moon as her own personal business became an additional focal point of Dorothy and Bobby’s action for removal.
A hearing was held on the matters at issue in both petitions on June 12, 1996. In its oral reasons for judgment, the trial court ruled against Dorothy and Bobby’s petition to remove Maxine as euratrix of the property of Mittie Fields, but also rejected Maxine’s request to shut down the Silver Moon. Kat-hym Margaret Bailey was appointed euratrix of the person of the interdict, Mittie Fields, to make decisions regarding visitation of Ms. Fields by Dorothy and Bobby.
The court further concluded that Maxine had acted in her own self-interest regarding the formation of the new corporation. However, rather than to remove her for usurpation of the assets of the interdict, the court required Maxine to take appropriate actions to relinquish her claim to the newly formed corporation. Specifically, the court ordered her to file amended documents with the Secretary of 1 gState of Louisiana and the Clerk of Court of Caddo Parish “to reflect that corporate documents concerning the Silver Moon Barbeque, Inc., in the name of Maxine Caldwell Burke, or any combination thereof, are as euratrix for the interdict Mittie Ola McLin Fields.”
Prior to the issuance of the written judgment incorporating the above ruling on February 26, 1997, Maxine additionally moved the court for compensation in the amount of $2,500 per month for her work as euratrix in managing the Silver Moon. At a hearing on February 24, 1997, with counsel for Dorothy and Bobby agreeing that compensation to the euratrix was appropriate, the court fixed Maxine’s salary at $2,500 per month for her continuing management of the Silver Moon Barbecue for the estate of Ms. Fields.
Maxine now brings this appeal contesting that portion of the February 26, 1997 judgment ordering her to amend the corporate documents for Silver Moon Barbecue, Inc. to reflect ownership of the corporation in Ms. Fields, or more specifically, in the name of Maxine, as euratrix for Ms. Fields.

Discussion

We first find it significant to note what has not been appealed by the parties from the trial court’s ruling. Dorothy and Bobby, who, the evidence at trial showed, live in California and are not prepared to manage the affairs of Ms. Fields’ business, have not appealed the trial court’s allowance of their sister to continue as euratrix despite her attempted action on her own behalf for the incorporation of Silver Moon Barbecue, Inc. On the other hand, Maxine has not appealed the trial court’s rulings requiring her, for $2,500 per month in compensation, to continue to operate the Silver Moon as euratrix and not to close the business. Maxine, ^therefore, continues with her desire to remain euratrix and is no longer opposed in that position by Dorothy and Bobby.
A euratrix is a fiduciary who is empowered to act on the interdict’s behalf. Hebert v. Wise, 92-2287 (La.App. 1st Cir. *860 12/15/95), 666 So.2d 409. Cf., La. R.S. 9:3831(4). As this court said in Haynes v. Haynes, 545 So.2d 1245, 1247 (La.App. 2d Cir.1989):
A curator at all times must act exclusively in the best interest of the interdict. He must scrupulously administer the affairs of the interdict and explore every avenue available in fulfilling his duty to the interdict.
The trial court properly viewed Maxine’s formation of the new corporation as a breach of her fiduciary duty for the management of her mother’s estate. By court authority, Maxine had become euratrix, had initially maintained and operated the Silver Moon, but then, unilaterally and without any ruling of the court, chose to form a corporation for herself with the same name as the interdict’s proprietorship for the admitted purpose of taking over the former business. Particularly in light of the trial court’s later ruling that the Silver Moon should continue to operate as an asset of the interdict’s estate (a ruling which Maxine has not appealed), Maxine’s actions were tantamount to the acquisition or attempted acquisition by the fiduciary of the property entrusted to her care. Our supreme court has stated such action “carries fraud on its face” and subjects the fiduciary to “rigorous scrutiny” to establish that the transaction is an appropriate, “arm’s length affair.” Noe v. Roussel, 310 So.2d 806 (La.1975).
To remedy this unauthorized and inappropriate action by the fiduciary, the trial court required Maxine, who convinced the court to allow her to remain in her appointment as euratrix, to relinquish the incorporated business name and transfer the newly formed corporate shell to the interdict. The transaction to form the ^corporation could have been voided by the court. Nevertheless, such incorporation is an appropriate administrative action by Maxine, as euratrix, to better protect the proprietary interest and goodwill of the name of her mother’s longstanding business while insulating from liability the sizeable, other non-business assets of Ms. Fields’ estate. Cf., La. R.S. 12:23. The court’s discretionary action effectively ordered the euratrix, as a condition to her remaining in the fiduciary capacity for her mother, to incorporate the Silver Moon as the business of the interdict’s estate.
We are not persuaded by Maxine’s assertions that the trial court’s ruling deprives her of any property right. The trial court allowed her the right to claim reimbursement for any personal funds which she may have expended for the continued operations of the Silver Moon, and that would include expenses for the incorporation of the business. Also, the assertion that Ms. Fields had allowed Maxine to register in Maxine’s name the Silver Moon Barbecue in 1990 as a trade name with the Louisiana Secretary of State was not shown by the evidence presented at trial to have amounted to a transfer of Ms. Fields’ business to her daughter. Furthermore, Maxine never used this trade name which is essential under Louisiana’s trade name act, La. R.S. 51:214-15, for proper registration. See, Gulf Coast Bank v. Gulf Coast Bank & Trust Company, 94-2203 (La.4/10/95), 652 So.2d 1306. If Maxine had owned a separate business from her mother’s establishment which was protected by the trade name registration, Maxine’s initial request for appointment as euratrix was seriously flawed with competitive conflict. Instead, the evidence shows that Maxine accepted her appointment of provisional cura-trix pursuant to a court order directing her to continue the operations of the Silver Moon Barbecue as the business of the interdict.
16 Conclusion
The trial court’s rulings directing the cura-trix to continue the operations of the Silver Moon Barbecue and to effect the incorporation thereof in Mittie Ola McLin Fields, as sole shareholder and owner, is affirmed. Because of the assertions of the euratrix, Maxine Burke, in this appeal, costs are assessed to Maxine Burke.
AFFIRMED.