JESSIE M. WOODWORTH, Executrix, *v.* JOSEPH L.
TEPPER et al., Administrators.

*Distribution of Intestate's Estate—World War Veterans'
Insurance.*

Since the distributees of an intestate's personalty are to be
determined as of the time of his death, if the intestate's mother
is his sole distributee as of that time, the mother's personal rep-
resentative is entitled to the present value of unpaid instalments
of insurance issued to the intestate under the World War Vet-
erans' Act, such present value being, by the terms of the act,
payable to the estate of the insured after the death of the bene-
ficiary named in the policy, and it is immaterial that the mother,
as such beneficiary, received monthly instalments of the insur-
ance after intestate's death and until her death.

*Decided February 11th, 1927.*

Appeal from the Orphans' Court of Prince George's
County.

Petition by Jessie M. Woodworth, executrix of Jessie M.
Deeble, deceased, demanding that the entire estate of George

Mitchell Jacobs, deceased, be distributed to petitioner. From an order denying said petition and distributing the estate otherwise, petitioner appeals. Reversed.

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*H. Winship Wheatley* and *John F. Lillard,* for the appellant.

*J. H. Shepherd,* for Joseph L. Tepper and another, administrators, appellees.

URNER, J., delivered the opinion of the Court.

The United States Veterans' Bureau paid to the appellees, as administrators of the estate of George Mitchell Jacobs, deceased, the sum of $3,949.45, as the unpaid portion of the life insurance provided in a policy issued to the decedent as a veteran of the World War. After his death, on July 10th, 1920, monthly instalments of the insurance were paid, under the terms of the policy, to his mother, as the designated beneficiary, until her death on August 31st, 1924. The World War Veterans Act provides, in section 303, that if the designated beneficiary "survives the insured and dies prior to receiving all of the two hundred and forty instalments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly instalments thereafter payable, said value to be computed as of date of last payment made under any existing award; * * *." The payment to the administrators representing the estate of the insured was made in accordance with that provision, and the fund so paid constitutes his entire estate. As he died without a will, the fund must be distributed in pursuance of the intestacy laws of Maryland, where he resided. Among the provisions of our Code directing such distributions is the following: "If there be either father or mother living, the other parent having died, and no child or descendants, the father or mother, as the case may be, shall have the whole." Article 93, section 132.

George Mitchell Jacobs, the insured, was predeceased by his father, but was survived by his mother, and by two sisters, a brother, and a niece who was the daughter of a deceased sister. His mother died in California, as the widow of a second husband, leaving a will by which she devised and bequeathed her residuary estate to her two daughters by her first marriage, who were also residents of that state. The brother and niece resided in Maryland. One of the daughters, as executrix of her mother's will, filed a petition in the Orphans' Court of Prince George's County, Maryland, where the estate of her deceased brother, George Mitchell Jacobs, is in course of administration, claiming that, as the personal representative of their mother, she is entitled to receive the whole of the fund composing his estate. This claim is opposed by the brother and niece, who assert that they are entitled to share in the fund as next of kin of George Mitchell Jacobs, living at the time of distribution. The question, therefore, is whether the devolution of the insurance fund must be determined with respect to the time when the estate of the insured is distributed, or as of the date of his death. The orphans' court decided that question adversely to the claim of the mother's personal representative, and this appeal has resulted.

There is no period other than that of the intestate's death to which the statute of distribution refers for the ascertainment of the persons in whom his personal estate is to vest. The statutory rule makes no distinction between assets accruing to his estate after his death and those which were in his possession when that event occurred. The insurance money, not paid to the named beneficiary in her lifetime, was made payable under the federal law to the estate of the insured, without any limitation as to its disposition in the course of the administration to which it was thus subjected. If a fund is unqualifiedly bequeathed to the class of persons entitled to the estate of a designated individual, dying intestate, it is clear that those to whom his estate is distributable as of the time of his death are the intended legatees. *Dawson v. Akers,* 127 Md. 585. The distributee of the estate of George

Mitchell Jacobs, under our statute, was his mother, as he was not survived by his father and had no descendants. The vested right of the mother to the estate of her intestate son was not affected by the fact that she died before the estate was administered, or that she was the recipient, during her life, of payments under the contract of insurance from which the only asset of the estate was derived. If she had not been named as beneficiary to that extent in the policy, it would hardly be contended that her death, subsequent to that of her son, extinguished the interest which she had acquired in his estate as sole distributee under our statute. The fund in question resulted from a transaction to which the decedent was a party in his lifetime. It has become quite as fully and effectually a part of his estate, for the purposes of the present inquiry, as if the beneficiary had not survived him, and the insurance had been paid to his administrators shortly after his decease. In our opinion the fund for distribution must follow the course which the statute defines, and be paid to the personal representative of the decedent's mother, who became entitled to his estate under the explicit provisions of the law.

*Order reversed with costs, and case remanded.*