## CLARENCE A. ROBBINS, Petitioner

### Androscoggin. Opinion February 4, 1928.

*Under a policy of insurance on the life of a soldier under the World War Veteran's Act, the mother of the insured being the beneficiary, upon the death of the insured intestate, leaving a widow but no issue, the beneficiary after the death of the insured having received several installments under the policy died intestate, leaving a widow, but no issue, the present value of the remaining unpaid monthly installments is a part of the corpus of the insured soldier's estate, and goes to the widow of the insured under R. S. Chap. 80, Sec. 21.*

On exceptions. A petition to enter an appeal in the Supreme Court of Probate which was dismissed and exceptions entered. Exceptions overruled. The case is fully stated in the opinion.

*Herbert E. Holmes*, for petitioner.
*Frank T. Powers*, for the administratrix.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

BARNES, J. This case is one wherein a party adversely interested denies the application of the Maine statute for the distribution of life insurance when his widow survives the insured, and there is no "issue."

It is the distribution of the balance of the insurance on the life of a soldier that is sought; and construction of the World War Veteran's Act, relative to the administration of the War Risk Insurance

Act is involved. The facts are, briefly, that at the time of his death, September 24, 1918, the insured was a soldier in the United States army, and died intestate. His insurance was war risk, converted, yearly renewable term insurance issued by the Federal Government, under two policies of $5000.00 each, in one of which his mother was beneficiary at the soldier's decease.

He had some personal property, and, after his death, his widow, Esther R. Robbins, now Esther R. Phillips, qualified as administratrix of his estate.

Under the appropriate policy his mother received installments of insurance, until October 7, 1925, when she died intestate.

She left no issue surviving; but her widower, Clarence A. Robbins, father of the soldier, is the petitioner in this case.

Further proceedings are claimed by the administratrix to be in accord with the probate law of our state and the Federal World War Veteran's Act.

So much of the Federal Act as is involved is a part of Section 303 thereof and reads as follows:—"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: *Provided,* That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act.

When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person."

The probate court held that the proceeds of such a policy of insurance, under the circumstances stated above, were payable to the widow of the soldier, agreeably to the provisions of Chapter 80, Section 21, R. S., "Money received for insurance on the life of any per-

son dying intestate, deducting the premium paid therefor within three years with interest, does not constitute a part of the estate of such person for the payment of debts or for purposes specified in Section 1 of Chapter 71, when the intestate leaves a widow, or widower, or issue, but descends, one-third to the widow or widower and the remainder to the issue; if no issue, the whole to the widow or widower, and, if no widow or widower, the whole to the issue."

Petitioner appealed from the decree of the probate court; his appeal was denied, and he presents it here, waiving all objections other than to the application of our state statute to this case.

So far as the Federal Government dealt with the insurance we hold its proceedings correct and unassailable.

Life insurance is a contract, whereby one party insures a person against loss by the death of another.

In this case the Federal Government entered into a contract, according to the terms of which, on the occurrence of the events that have admittedly transpired, the "present value of the remaining unpaid monthly installments" was to be paid to the legal representative of the insured soldier. The Government made the computations, transmitted the funds, and relinquished control thereof.

The administratrix found herself then the custodian of such present value, in cash. Such money became in her hands a part of the corpus of decedent's estate, to be distributed according to the laws of this state, and we hold that Section 21, Chapter 80, R. S., applies and directs the administratrix to pay the same to Esther R. Phillips, the widow of the insured.

*Appeal dismissed.*

*Remanded to the probate court for further proceedings in accordance with this opinion.*