In my opinion a reversal is required by the war veterans act of 1924, as amended by the act of March 4, 1925, 43 St. 1302, 1310, c. 553. It declares that if the beneficiary "survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award."
Obviously, as held in Singleton v. Cheek, 284 U.S. 493, 497,52 S. Ct. 257, 259, 76 L. ed. 419, 81 A.L.R. 923, "by that amendment, the rule, which, upon the happening of the contingencies named in the prior acts, limited the benefit of the unpaid instalments to persons within the designated class of permittees, was abandoned, and 'the estate of the insured' was wholly substituted as the payee. All installments, whether accruing before the death of the insured or after the death of the beneficiary * * * as a result, became assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary."
It is wrong, I submit, to hold differently in result because of the reasoning of In re Smith's Estate, 141 Misc. 651,253 N.Y. S. 825. I cannot at all agree with the statement that "this fund," meaning *Page 656 
the commuted value of the insurance as of the date of the beneficiary's death, "does not come into being until the beneficiary's death." I respectfully insist that the fund is in existence from the issue of the certificate, and the simultaneous setting up of the reserve necessary to meet the government's obligation to insured and beneficiary. There is from the issue of the certificate a credit to the insured and his beneficiary which is a very tangible asset, within lawful limits subject to testamentary disposition by the insured. Hence I see no escape from the conclusion in this case that, inasmuch as the commuted value as of the date of the death of the beneficiary thereby became a part of the estate of the insured, it must be treated as part of the residue of his estate as of the date of his death, and so to have passed under the residuary clause of his will.