## UNITED STATES v. BARKER. *
### No. 7146.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1934.

Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala., Randolph C. Shaw, Sp. Asst. to Atty. Gen., and Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., for the United States.

S. F. Hobbs, of Selma, Ala., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

*Rehearing denied June 29, 1934.

SIBLEY, Circuit Judge.

This appeal concerns the payment of a liability on a policy of war risk insurance. The facts are agreed on. The soldier, Lewis Walters, was in 1914 lawfully married in Alabama to Maggie Tubb. On July 21, 1918, he married Arkansas Hogan in New York, Maggie being still in life and undivorced. Ten days later he enlisted in the army and took out war risk insurance, stating in his application that Arkansas was his wife and designating her as beneficiary. He was discharged from the army in December, 1918, totally and permanently disabled, and was paid monthly installments on his insurance until his death intestate March 28, 1919. He was then living with Arkansas in New York. Arkansas did not know of the former wife, and in good faith submitted proof of her marriage and was paid installments of insurance amounting to $3,513.06 up to April 30, 1924. The United States then discontinued payments on receipt of intelligible information of Maggie's existence and status. One Barker was appointed administrator of Lewis Walters and was paid $5,759.08 as the present value of the remaining installments of insurance. Arkansas meanwhile died. Barker, administrator, contended that he was entitled to have also the installments paid to Arkansas prior to April 30, 1924, and brought suit for them on August 11, 1932. The United States pleaded, among other things, that the payments had been made in good faith at the direction of Lewis Walters and upon his representation that Arkansas was his wife and entitled to them, so that he and his administrator are estopped to assert the contrary and to require payment a second time. A jury having been waived, the District Judge, looking to the innocence and the right of Maggie as the true wife and the fact that she had sought all along, though unintelligibly, to identify herself to the Veterans' Bureau, thought the United States had paid Arkansas at their own risk, and gave judgment for the administrator. 3 F. Supp. 545.

We are convinced that Maggie, never having been designated as the beneficiary of the policy, claims only through the insured's estate and is bound by the estoppel urged. At the time the insurance matured it was governed by section 402 of the act approved October 6, 1917, 40 Stat. p. 409. The designation of Arkansas as beneficiary was invalid because, though represented to be insured's wife, she was not such in fact and he knew it. Her innocence does not make her a wife in New York. The putative wife of the Louisi-

ana law dealt with in Robinson v. United States (D. C.) 33 F.(2d) 545, does not exist in New York. Arkansas was not in the class of permitted beneficiaries. The act declared: "If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to his personal property in case of intestacy." We do not stop to determine whether Alabama or New York was the true residence of Lewis Walters at his death, or whether under the laws of either state Maggie would be entitled to his personal property and hence would be the payee of the policy. Barker as administrator could get no right to recover from this statute. His right arises under the Act of June 7, 1924, § 303, as amended Act March 4, 1925, § 14, found in 38 USCA § 514. This legislation changed the provision above quoted touching undesignated insurance to read: "There shall be paid to the *estate of the insured* the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award." We think it plain that the effect of the change was to vest the right to recover unpaid installments in the estate of the insured, represented by his administrator. The new law was expressly made retroactive to October 6, 1917. It is well settled that claimants of such insurance have no vested right, and that until actual payment the benefits of the insurance are by its terms subject to change and control by Congress. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530; Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419, 81 A. L. R. 923. At the time this suit was filed only the administrator could sue for these installments, and in right of the insured's estate. Whether a recovery would be exempt from the insured's debts is not now for decision. Maggie is interested, not as a direct beneficiary, but only as a distributee of her husband's estate. Because of his willful misrepresentation as to the status of Arkansas which deceived the United States into paying her the money, the insured and his administrator and the distributees of his estate are estopped to enforce a second payment of it.

The judgment is reversed, and the cause remanded, with direction to enter a judgment in favor of the United States.