McCULLOUGH, EXECUTRIX, *v.* SMITH, ADMIN-
ISTRATOR.

No. 72.   Argued November 9, 1934.—Decided December 3, 1934.

*Mr. J. Howard McLain,* with whom *Mr. John M. Robin-
son* was on the brief, for petitioner.

No appearance for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the
Court.

While in the military service of the United States,
Moses Reid took out a War Risk Insurance policy for
$10,000 and designated his father and mother as bene-
ficiaries.   He died intestate August 23, 1920, leaving no
wife, child or descendant.   The father died November 22,
1926, intestate; the mother February 22, 1932.   Her will
designated an executrix.

No payment of any kind was made under the policy prior ·to the mother's death. Thereafter the Bureau of War Risk Insurance determined that during his life the insured became entitled to monthly disability payments aggregating $862.50, and caused this sum to be paid to his administrator. Also that while alive the father, as beneficiary, became entited to installments aggregating $2,127.50, which was paid to his administrator. Further that during her life the mother, as beneficiary, became entitled to payments aggregating $3,938.75. This sum was paid to her executrix. Finally it ruled that the commuted value of unpaid monthly installments under the policy payable after the mother's death amounted to $5,768; and the assured's administrator collected this. The only funds received by him were from payments under the policy as above stated.

This proceeding, with proper parties, was duly begun by the assured's administrator in the Superior Court of Mecklenburg County, North Carolina. It sought binding direction concerning distribution of funds on hand and presented no other question.

The trial court ruled that at the soldier's death his father and mother became sole distributees of his estate; "that as to the $862.50 which was due the insured prior to his death, it belongs to the estate of the father and the estate of the mother equally; that as to the $5,768 received by him [the administrator] as the commuted value of the unpaid portion of the policy after the death of the beneficiaries, it should be paid to the estate of the father and the estate of the mother respectively in such sums as are required to bring the said estates to an equal sum after the sums paid into each by the Bureau of War Risk Insurance, and the half of the $862.50 has been added together; the intention of this finding being to make the estate of the father and the estate of the mother exactly equal finally."

Upon appeal the Supreme Court of North Carolina affirmed. It said [206 N. C. 102; 173 S. E. 49]:

"When Moses Reid died, his distributees were his father, Adolphus Reid, and his mother, Ida Reid. Both were living. The statute cast upon each one-half of the personal property of deceased. Thereupon the right of property to such one-half immediately vested. C. S., § 137, subd. 6.

"Neither received as beneficiary in the war risk insurance policy any installment from the government during his or her life. Therefore the whole fund in contemplation of law is now assets of the estate of the dead soldier, to be distributed immediately to the estates of his father and mother. The fact that one beneficiary lived longer than the other, and hence entitled to receive more money in installments from the government, has nothing to do with the right of property as distributee. The intestate law of this State pegged that right at the death of the soldier."

In *Singleton* v. *Cheek*, 284 U. S. 493, where the circumstances were similar to those presented here, nothing was paid under the policy until after the death of the wife, the designated beneficiary. We considered the applicable provisions of § 303, World War Veterans' Act of 1924 as amended March 4, 1925, c. 553, 43 Stat. 1302, 1310 (38 U. S. C., § 514), declared them retroactive to October 6, 1917, and held that installments which accrued before the death of the insured, and the commuted value of those accruing subsequent to the beneficiary's death, belonged to the insured's estate for distribution as of the moment of his death. Benefits accrued in favor of but not received by the widow during her life had been paid to her administrator. No suggestion was made that other disposition would have been proper. At page 497 the opinion says:

" By that amendment, [March 4, 1925*] the rule, which, upon the happening of the contingencies named in the prior acts, limited the benefit of the unpaid installments to persons within the designated class of permittees, was abandoned, and ' the estate of the insured ' was wholly substituted as the payee. All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary."

Considering what was said in *United States* v. *Worley,* 281 U. S. 339, 341, and in *Singleton* v. *Cheek, supra,* together with the language and evident purpose of the Act of 1924 as amended, we think it clear enough that installments which accrued in favor of the father and mother of Reid as beneficiaries during their lives became the property of their respective estates. Also that installments which accrued to the assured during his lifetime, and the commuted value of the installments payable subsequent to the mother's death, became the property of his estate.

The court below erred in directing that the installments which accrued to the beneficiaries—father and mother—

---

* " If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award." 43 Stat. 1310.

during their lives should be treated as parts of the estate of the insured. See *Reivich* v. *United States,* 25 F. (2d) 670, 672; *United States* v. *Woolen,* 25 F. (2d) 673, 676.

*Reversed.*