41 P.(2d) 1103

### In re MOORE'S WILL.

### No. 3998.

Supreme Court of New Mexico.

Feb. 18, 1935.

C. C. Royall, of Silver City, R. W. Wilson, of Pine Bluff, Ark., and Paul Miller, of Star City, Ark., for appellant.

Wilson & Woodbury, of Silver City, for appellees.

WATSON, Justice.

George David Moore, Jr., died July 23, 1923. His father, George David Moore, Sr., is his sole heir at law and distributee. The deceased had provided himself with a policy of war risk insurance. At the date of his death, having been rated totally disabled, he was in receipt of monthly installments of $57.50 each. These installments were paid thereafter to Annie Laurie Moore sister of the deceased, whom he had designated as beneficiary.

Annie Laurie Moore died intestate March 19, 1931. Some time after her brother's death she had married. She was survived by Harold W. Thompson, husband, and Harold W. Thompson, Jr., minor son of the marriage.

After the death of Mrs. Thompson, her husband exhibited the will of George David Moore, Jr., and had it admitted to probate. An administrator c. t. a. was appointed. The installments of insurance remaining unpaid have been commuted and paid to him. The sum, upwards of $5,400, constitutes the major

part, if not the whole, of the estate, and is the subject-matter of this litigation. It is claimed by the father, George David Moore, Sr., as distributee of the insured. It is claimed by the Thompsons, father and son, as distributees of Annie Laurie Moore Thompson.

The will appears to have been executed June 1, 1923, a few weeks before the testator's death. Omitting the formal parts, it is as follows:

"First. I desire that my funeral expenses and all just debts be paid out of my estate.

"Second. I request that my sister, Miss Annie Laurie Moore be appointed executrix of my last will and testament.

"Third. I give and bequeath to my sister, Miss Annie Laurie Moore now of Fort Bayard, New Mexico but formerly of 1817 Arch Street, Little Rock, Arkansas my entire estate and choses in action.

"I desire that all my personal effects go to my sister Annie Laurie Moore to be used or disposed of by her as she may see fit.

"It is my desire that all monies in banks, life insurance, of which she is beneficiary, bonds and securities, that I may own go to Annie Laurie Moore also.

"I desire that my interest (which is an heir's interest) in my mother's estate be divided equally between my brother Andoe Moore of 2109 Eastwood Ave., Chicago, Illinois and my sister Annie Laurie Moore.

"Fourth. I desire that the disposition of my body be made at the request of my sister, Annie Laurie Moore, as she may decide at the time of my passing away.

"Fifth. I desire that no other action be taken in the Probate Court having jurisdiction in relation to the settlement of my estate other than the probating of this will."

▆ The statutory provision which counsel consider controlling in this case, reads: "If * * * the designated beneficiary * * * survives the insured and dies prior to receiving all of the two hundred and forty installments * * * there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable. * * *" USCA title 38, c. 10, § 514.

As to the true meaning and intent of this commutation provision, there have been differences of opinion, and are to be found decisions that cannot be harmonized in principle. Counsel agree, however, and we do not doubt, that what may be termed the fundamental difference has been settled by the highest authority thus: "All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance * * * became assets of the estate of the insured upon the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary." Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 259, 76 L. Ed. 419, 81 A. L. R. 923.

In that case the soldier died intestate. But counsel agree that the commuted sum, the residue of installments following the death of the beneficiary, being an asset of the sol-

dier's estate, is properly subject to his testamentary disposition.

■ We come now to the difference between counsel. The one view considers 'the soldier to have died intestate, as to this residue, and that under the rule just stated the residue passed to his father, his sole distributee. The other view considers the soldier to have bequeathed it to Annie Laurie Moore, to whom it vested during life, and through whom it passed to her husband and son.

On these facts and contentions the trial court found: "That it was the intention of the testator that all of his estate, except that portion thereof which he inherited from his mother, should go to his sister, Annie Laurie Moore."

He concluded as matter of law: "That the value of said War Risk Insurance policy vested in said Annie Laurie Moore under the terms of the will of said deceased upon the date of his death, July 23, 1923, and that said will operates upon the commuted value of said insurance certificate now in the hands of the administrator."

He adjudged that the moneys in question be paid by the administrator of the insured to the administrator or heirs of the beneficiary. George David Moore, Sr., appeals.

Appellant's basic contention is that the soldier died intestate as to this residue. This is essential to appellant's success. In no other way can he take the residue; for the will discloses no intent to leave anything to him.

Appellant admits that ordinarily such residue will be considered embraced in and will pass under a bequest such as we have here, or in and under a mere residuary bequest.

But, he contends, when the legatee is the beneficiary named in the policy, the case is necessarily different. The point is that there is no residue to be commuted or paid unless and until the beneficiary dies. As beneficiary, Annie Laurie Moore took all that could be had so long as she lived. What the soldier had to dispose of was something that she could not possibly take. Stubborn fact forbids it. It would be absurd, he urges, to say that, when the soldier bequeaths his war risk insurance to the beneficiary named in the policy, he contemplates that part of the property which cannot possibly accrue to the beneficiary.

This point is very persuasively developed by Surrogate Grant, in Smith's Estate, 141 Misc. 651, 253 N. Y. S. 825. That decision becomes important authority when we observe that the Supreme Court of Minnesota, by a majority, has followed and given complete approval to its reasoning. Sponberg v. Lidstrom, 187 Minn. 650, 245 N. W. 636; on rehearing, Id., 187 Minn. 650, 247 N. W. 679.

If the facts were a little different, the reasoning would be weighty. If there were something in the will, such as a residuary bequest in favor of the father, to raise a question whether it was the sister or the father to whom the soldier intended to leave the residue, the fact that the sister, being the beneficiary, could not possibly possess or enjoy the residue, might well determine the question of intent in favor of the father.

But the most that appellant can do in this case is to make of the residue intestate property. When he does this he at once runs afoul of Singleton v. Cheek, supra. While the matter was not there discussed, the necessary result of the decision is that the impossibility on which Surrogate Grant bases his reasoning is not a legal impossibility. In that case it was physically impossible for Mary Lucinda, the soldier's distributee and beneficiary, ever to possess or enjoy the residue; the same impossibility that exists here as to Annie Laurie, the soldier's legatee and beneficiary. Yet the Supreme Court of the United States, by reversing the Supreme Court of Oklahoma [152 Okl. 229, 7 P.(2d) 140], necessarily held that Mary Lucinda was capable of becoming, from the same moment of time, to use loose terms, tenant of the life estate in her capacity as beneficiary, and tenant of the remainder in her capacity as sole distributee.

Nor is this all. The same result is to be noted in both decisions here relied on by appellant. In both cases (Smith's Estate and Sponberg v. Lidstrom) the beneficiary, after having been disqualified as a legatee, was counted in as a distributee.

If legally impossible for Annie Laurie to have succeeded to this residue when the soldier died, it would be easy to agree that the soldier did not intend that result. The argument would be superfluous, however. The impossibility itself would defeat the intent, however plainly it might have been expressed.

But if the residue is a species of property which Annie Laurie could take, we do not feel free to say that this will does not give it to her. We cannot doubt the correctness of the finding that the testator intended her to have all of his property except the one-half interest in his mother's estate. It is plain, moreover, that he did not overlook his life insurance. He intended to do something with it. In this respect the case at bar is distinguishable from the Smith and Sponberg-Lidstrom Cases, supra.

There is here a formal and express bequest of "life insurance." And it is insurance of which Annie Laurie was already the beneficiary. The whole provision is meaningless unless the testator intended to give her more than she was already assured as beneficiary.

It is pointed out that when the will was made and when it took effect Annie Laurie was unmarried, and that if she had remained single and died intestate appellant would have been her sole heir at law. We cannot see that this aids the contention that the testator's intent was to leave the residue to his father. He could have done that by a stroke of the pen. It may indicate that he was not averse to his father's having it. However that may be, we think it plain that Annie Laurie was to have it first.

The case has been put to us as one of will construction. It has become in our minds more a question of statutory construction. It being indisputable that the beneficiary can never possess or enjoy any installment or commutation of installments accruing after his own death, there is room for the contention that Congress could not have intended the beneficiary to take the whole or any part of the residue, as legatee or distributee.

Indeed, where the insurance is bequeathed to the beneficiary, it might be contended with some reason that the lesser status of beneficiary merges in the larger status as owner of the whole fund; that the situation is as if there were no designated beneficiary, and that the commutation should be made and the present value paid over at once.

Such contentions are not made here. These remarks are not made to reopen questions heretofore settled as to the meaning of the statute. They represent no views entertained by this court. We merely suggest that the reasoning of the Smith and the Sponberg-Lidstrom Cases raises more doubt in our minds as to the meaning of the statute than doubt as to the meaning of this will.

We conclude that the judgment should be affirmed. The cause will be remanded.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICK-LEY, and ZINN, JJ., concur.