## BUTLER v. UNITED STATES.
### No. 2250.

District Court, N. D. Oklahoma.
Feb. 4, 1937.

Harry Seaton, of Tulsa, Okl., for plaintiff.

C. E. Bailey, U. S. Atty., and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl., and Daniel Dillon, of Oklahoma City, Okl., Atty., Department of Justice, for the United States.

FRANKLIN E. KENNAMER, District Judge.

This action seeks a recovery upon a $10,000 war risk insurance policy, subscribed for by Grant Butler, now deceased.

The insured entered the military service of the United States on June 18, 1918, and was discharged on July 9, 1919. The

**6**

insured was totally and permanently disabled for a period of time, which kept the policy in force. He died on December 24, 1922. His mother, Frances Butler, was designated as beneficiary in the policy. She predeceased the insured.

 The plaintiff in this case, Edna May Butler, is the daughter of the deceased veteran. Plaintiff's mother, wife of the insured, died September 6, 1917. The petition alleges that plaintiff is the only child of the marriage of the insured and his wife. The action is instituted in her own name, as she is the sole and only heir of the deceased veteran, and it is alleged that no administration has been had on the estate of Grant Butler, deceased. The defendant has interposed its motion to dismiss, asserting that the court is without jurisdiction by reason of the fact that the plaintiff has no right to bring suit. It is contended that the suit should have been brought in the name of the insured, the administrator of his estate, or the beneficiary under the insurance policy. The plaintiff in the action is neither the insured, the administrator, nor the beneficiary. The only question presented is whether under the Act of Congress, known as the World War Veteran's Act 1924, as amended (38 U.S.C.A. § 421 et seq.), limits recoveries to the insured's estate or beneficiary, in the event of his death. There can be no doubt but that all sums accruing prior to the death of the insured, on account of his total and permanent disability, passed to his personal representative, and was recoverable only by his administrator. The reason is obvious because such funds constitute a part of his estate. He alone is entitled to such funds during his lifetime, and upon his death they pass to his personal representative. After his death, all sums due under the policy on account of death were payable to the designated beneficiary or the insured's estate. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923; Dowell v. United States, 86 F.(2d) 120 (C.C.A.5); United States v. Barker (C.C.A.) 70 F. (2d) 1002. The United States Supreme Court has conclusively settled the question in a case in which certiorari was granted from the Supreme Court of Oklahoma. The Fifth Circuit Court of Appeals, in the cited cases, likewise have adjudicated the question.

Aside from the controlling decisions, it is obvious that the Congressional acts do not permit an heir to maintain the suit upon such a policy of insurance. The government should not be subject to the risk and hazard of improper payments. Therefore, recovery should be limited to the designated beneficiaries, or to the estates of the deceased.

The motion to dismiss is sustained.