## CURTIK v. UNITED STATES.
### No. 5057.

District Court, D. Massachusetts.
May 24, 1937.

James A. Donovan, of Lawrence, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and William J. Hession, Area Atty., by John J. Cummings, Atty., Department of Justice, all of Boston, Mass., for the United States.

BREWSTER, District Judge.

This petition is brought by the administrator of the estate of Victoria Curtik, the person named as beneficiary in the two policies of yearly renewable term insurance, issued to Joseph J. Curtik, a World War veteran. Defendant has moved to dismiss the petition on the ground that the petitioner "is not a party in interest and is not a person claiming under contract of insurance within the meaning of the World War Veterans' Act as amended [38 U.S.C.A. § 421 et seq.]."

The motion was submitted on papers taken from the case folder, from which the following facts appear to be uncontroverted:

Joseph J. Curtik took out $10,000 war risk insurance in two policies in which his mother, Victoria Curtik, was named as beneficiary. The policies lapsed for nonpayment of premium May 1, 1919. The insured died January 21, 1926, without having made any claim of total and permanent disability on the policies. No administration was taken out on his estate.

Victoria Curtik died November 2, 1930. She also during her lifetime presented no claim for benefits under the policies.

On June 25, 1931, Paul Curtik, the husband of Victoria and father of Joseph J., filed a claim on Form 579, claiming the benefits of the contracts of insurance in his own behalf and not in his capacity as administrator of the estate of the insured or of the beneficiary.

The defendant contends that, as no claim was ever formally presented by the administrator of the estate of the beneficiary, no proper claim was acted upon and rejected. It is true that the claim was made by the father, Paul Curtik, in his own name. The father could not sue in his own right, as heir, for any of the installments. Butler v. United States (D.C.) 18 F.Supp. 5; Dowell v. United States (C.C.A.) 86 F.(2d) 120; United States v. Barker (C.C.A.) 70 F.(2d) 1002.

■ It cannot be said, however, that he was not an interested party. He was entitled to share in the estate both of his son and of his deceased wife. In that aspect he was vitally interested in establishing the liability of the United States on the contracts.

While the formal claim erroneously stated that the policies were issued to Paul Curtik, the father of the veteran, the contents of the document leave no doubt that the father was claiming in his own right the installments due on the policies of his son, which had matured by reason of the total and permanent disability occurring during the lifetime of the veteran and before the policies lapsed. The Veterans' Administration so treated the claim and considered it on the merits. After reviewing medical and other evidence, the Insurance Claims Council concluded that the veteran was not totally and permanently disabled while the policies were in force and so notified the claimant, Paul Curtik. He appealed, with the result that the action of the Insurance Claims Council was affirmed by the Administrative Board of Appeal. In the meantime, Paul Curtik had been appointed administrator of the beneficiary Victoria Curtik, and within the time limitations of the statute brought this action in his capacity as such administrator. There is enough in the record to satisfy the ends of the statutory provisions relating to the claim. The Veterans' Administration had noticed that a claim was being made on the policies, based on total and permanent disability of the insured during the life of the policies. This conclusion would seem to be in harmony with decisions in other jurisdictions. Hunnewell v. United States (D.C.) 2 F.Supp. 389; Robinson v. United States (D.C.) 12 F.Supp. 160; United States v. Townsend (C.C.A.) 81 F. (2d) 1013.

The cases relied upon by the government are either distinguishable upon the facts or are not in accord with what I regard as the better view.

■ If the jurisdictional prerequisites of a claim and denial are shown, there can be no doubt that the administrator of the beneficiary may recover, on proof of total and permanent disability while the policies were in effect, the sums that fell due between January 21, 1926, the date of the insured's death, and November 2, 1930, the date of the beneficiary's death. Ivy v. United States (C.C.A.) 84 F.(2d) 37; Butler v. United States, supra; Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923.

And this right is not lost by reason of the failure of the insured, or his personal representatives, to present a claim. Ivy v. United States, supra.

Petitioner's recovery, if liability is established, would of course be limited to the sums which would have been payable to the beneficiary.

■ The installments accruing during the lifetime of the veteran and the commutated value of the installments due after the death of the beneficiary would become the property of the estate of the insured. 38 U.S.C.A. § 514; Singleton v. Cheek, supra; McCullough v. Smith, 293 U.S. 228, 55 S.Ct. 157, 79 L. Ed. 297; Ivy v. United States, supra.

See, also, United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887.

■ They cannot be recovered in an action by the administrator of the beneficiary. Nevertheless, this petition ought not to be dismissed out of the court. The court has jurisdiction to adjudicate the rights of the personal representative of the beneficiary under the policies.

Defendant's motion to dismiss is denied.