### BUTLER v. UNITED STATES.
### No. 2905.

District Court, S. D. Texas, Houston Division.

March 12, 1938.

John N. Snell, of Houston, Tex., for plaintiff.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex.

HUTCHESON, Circuit Judge.

Plaintiff is the sole heir at law of both the beneficiary and the insured under the war risk policy he sues on. He plants himself upon the Texas statutes, article 3314, Revised Statutes of 1925, that "whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate," and the decisions in Texas that, unlike in most states, personal property passes to the heirs by the statutes and not through process of administration. 13 Texas Jurisprudence, p. 595, § 13. Upon this statute and the state of the authorities in Texas he contends that the cases the government cites[1] as holding that heirs have no right of action on war risk policies, but that the right of action is in, and the suit must be brought by, personal representatives, are inapplicable here.

The United States counters that the suit at bar is not a suit to recover general assets of intestates having situs in the state, but is a special suit to recover from the United States government, benefits payable to named persons and the estates of named persons. It points out that by section 514, 38 U.S.C.A., it is specifically provided that payments are to be made to estates of beneficiary and insured respectively, and that in recognition of the exclusiveness of this provision the state of Texas, by article 3293-A, Vernon's Annotated Texas Civil Statutes, has made provision for an administration upon an estate to receive only funds or moneys due from the federal government.

The argument of both plaintiff and defendant concedes that if the plaintiff may not sue, but only personal representatives of estates of beneficiaries may, plaintiff's suit fails because of his inability to maintain it, and his right to recover through suit by personal representatives fails because limitation has long since barred it. United States v. Tarrer, 5 Cir., 77 F.2d 423. Compare Ivy v. United States, 5 Cir., 84 F.2d 37.

A careful consideration of the applicable statutes and decisions convinces me that the motion is well taken and the cause should be dismissed. Conceding to the Texas statutes and decisions the full force of vesting in the heirs directly and not through administration all ordinary claims with the full right of heirs to sue where the time for administration has elapsed or the proper showing can be made that there is no necessity for administration, it remains true I think that the claim at bar is not an ordinary one, but one having a special basis and incidents in the federal statutes which create it and allow its maintenance. Putting aside entirely the arguments of inconvenience which are advanced in support of the government's position that the United States ought not to have to take the risk of determining who the heirs are, a history of the section as it has been amended from time to time makes it plain I think that section 514 is a statute not merely granting but limiting the right to sue to personal representatives.

The motion is sustained. The cause is dismissed.

[1] Bomar v. U. S., D.C., 12 F.Supp. 881; Butler v. U. S., D.C., 18 F.Supp. 5; U. S. v. Chavez, 10 Cir., 87 F.2d 16; Dowell v. U. S., 5 Cir., 86 F.2d 120; Ballenger v. U. S., D.C., 11 F.Supp. 911; Pagel v. Pagel, 291 U.S. 473, 54 S.Ct. 497, 78 L.Ed. 921; Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923; Curtik v. U. S., D.C., 19 F.Supp. 447.