**AREHART v. UNITED STATES.**

**No. 4566.**

Circuit Court of Appeals, Seventh Circuit.

Dec. 9, 1931.

John Kasserman and Homer Kasserman, both of Newton, Ill., for appellant.

Harold G. Baker, of East St. Louis, Ill., and John W. Speakman, of Danville, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

The sole question presented by this appeal is whether the five-sevenths interest in the insurance, which at the commencement of this action was being paid to the five surviving uncles and aunts of Ivory Bush, shall be computed in cash and paid to appellant administrator. Appellant is raising no question as to any payments made by the government prior to his appointment as administrator.

Among other provisions, the insurance certificate recites: "This insurance is granted under the authority of an act * * * approved October 6, 1917, and subject in all respects to the provisions of such act, of any amendments thereto and of all regulations thereunder now in force or hereafter adopted, all of which, together with the application for this insurance and the terms and conditions published under authority of the act, shall constitute the contract."

The application for war risk insurance recites that: "In case any beneficiary die or become disqualified after becoming entitled to an installment, but before receiving all installments, the remaining installments are to be paid to such person or persons within the permitted class of beneficiaries as may be designated in my last will and

testament, or, in the absence of such will, as would, under the laws of my place of residence, be entitled to my personal property in case of intestacy."

The War Risk Insurance Act of October 6, 1917, 40 Stat. 398, 399, c. 105, § 13, provides: "That the director, subject to the general direction of the Secretary of the Treasury, shall * * * have full power and authority to make rules and regulations, not inconsistent with the provisions of this Act, necessary or appropriate to carry out its purposes, * * *."

The regulations of the War Risk Insurance Bureau Bulletin 1, issued October 15, 1917, at page 4, provide: "* * * (or if any above-designated beneficiary shall survive the insured, but shall not receive all the installments, then the remaining installments) shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the insured's place of residence be entitled to his personal property in case of intestacy."

Under section 402 of the original War Risk Insurance Act of 1917 (40 Stat. 409), uncles and aunts were not within the permitted class of beneficiaries; but, under the amendment of December 24, 1919, the permitted class of beneficiaries was extended to include uncles, aunts, nephews, nieces, brothers-in-law, and sisters-in-law of the deceased; and the amendment provided that it should be deemed in effect as of October 6, 1917. Act Dec. 24, 1919, 41 Stat. 375, c. 16, § 13.

In White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530, it was held that the effect of subsequent amendments, providing that they shall be in effect as of 1917, is to amend and modify the contract, and that the interest of beneficiaries, heirs at law and next of kin, therein does not become a vested interest as of the date of the death of the insured, but is such an interest as may be divested, transferred, or otherwise disposed of by the government without in any way transgressing the obligations of insured's certificate.

Appellant contends that White v. United States, supra, is not controlling in the instant case because the change of beneficiaries there was made by request of the insured as expressed in his will, and that, in the absence of any agreement on the part of the deceased, Congress has no right to change them after insured's death. We hold that Congress has such right in case the beneficiary designated by insured dies or for any other reason is disqualified, and may do so by enlarging the permitted class of beneficiaries if consistent with the law of the state of which insured was a resident at the time of his death. We so held in Gregg v. United States, 15 F.(2d) 8.

Cahill's Illinois Statutes 1929, c. 39, par. 1, subsec. 5, provides: "If there is no child of the intestate or descendant of such child, and no parent, brother or sister, or descendant of such parent, brother or sister, and no widow or surviving husband, then such estate shall descend in equal parts to the next of kin to the intestate in equal degree *(computing by the rules of civil law,)* and there shall be no representation among collaterals, except with the descendants of brothers and sisters of the intestate; and in no case shall there be any distinction between the kindred of the whole and the half blood." (Italics ours.)

In construing the several degrees of kinship under the civil law, the intestate is to be considered as the terminus a quo. The father stands in the first degree, the grandfather and grandson in the second; and in the collateral line the computation is from the intestate up to the ancestors of the intestate and of the person whose relationship is sought to be ascertained, and then down to that person. Accordingly the intestate and his brothers are related in the second degree, and the intestate and his uncles and aunts in the third degree. 2 Kent's Commentaries (14th Ed.) 669.

In applying the law as above set forth to the facts as alleged, the District Court held that the installments accruing, so long as James H. Bush lived, were payable to him, and that his interest was not a vested one but was subject to be divested or transferred as Congress and the War Department might direct; that upon the death of James the installments thereafter maturing were payable to the grandmother of Ivory Bush, she being next of kin under the Illinois statute and having been designated by both the Insurance Bureau regulations and insured's application as the person to whom in such situation the installments should be paid; that upon her death, under the same application and regulations and by virtue of the retroactive amendment of 1924, the installments thereafter were due and payable to the aunts and uncles of Ivory Bush, and were rightfully paid to them. With these conclusions we are in accord.

█ It might be considered that appellant is entitled to recover by virtue of an amend-

ment to section 303 of the World War Veterans' Act 1924, under date of March 4, 1925, 43 Stat. 1310, c. 553, § 14 (38 USCA § 514), which provides that, if the designated beneficiary survives the insured and dies prior to receiving all of the installments, there shall be paid to the estate as beneficiary the present value of the monthly installments thereafter payable.

To this amendment, however, there was added a proviso to the effect that all awards of yearly renewable term insurance which are in course of payment on the date of the approval of that act shall continue until the death of the person receiving such payments, or until he forfeits them under the provisions of the act. The amendment was also made retroactive as of October 6, 1917. That this proviso precludes a recovery by appellant we think there can be no doubt. Hatch v. United States (D. C.) 29 F.(2d) 213.

Decree affirmed.