## MADDEN v. UNITED STATES.

District Court, S. D. New York.
Dec. 22, 1936.

Panhorst, Janko & Burby, of New York City (Allyn E. Burby, of New York City, of counsel), for petitioner.

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager, Asst. U. S. Atty., of New York City, of counsel), for defendant.

Marion C. Savitsky, of New York City, for Elizabeth Madden Miller and Frank Madden, Jr.

PATTERSON, District Judge.

The action is on a war risk insurance policy of the yearly renewable type, by the administratrix of the insured, Patrick Madden. The United States admits liability on the policy, but contends that the unpaid balance of the policy, $5,267.10, is not payable to the petitioner but is payable to another.

The facts are undisputed. Patrick Madden, the insured, took out the policy in 1918, naming himself as beneficiary. The policy later lapsed, but was reinstated in the face amount of $9,856.41, and.

was in effect at his death on July 19, 1922. The insured died a resident of New York. He was survived by two brothers, Frank and David, as next of kin. The brother Frank died on September 5, 1923, leaving surviving a widow, Elizabeth Madden (now Elizabeth Madden Miller), and a son, Frank Madden, Jr., then fourteen, both of whom have intervened in this suit. The brother David died on April 4, 1927, leaving surviving a widow, Catherine Madden, and a daughter, Florence Madden, then thirteen.

The policy declared on its face that it was subject to the Act of October 6, 1917 (40 Stat. 398), and to any later amendments. The statute governing payment of the policy at the time of the insured's death in 1922 was section 402 of the War Risk Insurance Act, as amended June 25, 1918 (40 Stat. 609, § 21), and December 24, 1919 (41 Stat. 371, 375, § 13). By the act as amended June 25, 1918, it was provided that the insurance was payable in 240 monthly installments and in favor of only a spouse, child, grandchild, parent, brother, or sister, and that "if no beneficiary within the permitted class be designated by the insured, * * * the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured be entitled to his personal property in case of intestacy." By the 1919 amendment the class of permitted beneficiaries was enlarged to include uncles, aunts, nephews, nieces, brothers-in-law, and sisters-in-law of the insured.

By the New York law in effect at the insured's death, the personal estate of one dying intestate, without widow, descendants, or parents surviving, passed to living brothers and sisters and to the descendants collectively of any deceased brothers and sisters. New York Decedent Estate Law (Laws 1909, c. 18; Consol. Laws 1909, c. 13) § 98.

If we pause here for the moment and take the law as it stood at the time of the insured's death, it is plain that on the insured's death in 1922 the monthly installments became payable of right to his brothers David and Frank in equal shares. It is also plain that on Frank's death in 1923 installments due later were of right payable to his brother David and his nephew, Frank, Jr., for their respective lives. But no such awards were made.

On November 12, 1924, the Veterans' Bureau, acting on the application of David who represented that he was sole next of kin, and in ignorance of Frank and Frank, Jr., made an award in favor of David alone for the monthly payments, $56.67 a month, effective from the date of the insured's death, and such monthly payments were continued till the death of David in 1927, amounting in all to $3,230.19. The Bureau then received information of the actual facts. It determined the commuted value of the remaining installments to be $8,082, paid to the petitioner as administratrix of the insured $2,814.90, and withheld payment of the balance.

Meanwhile, in 1924, Congress had passed the World War Veteran's Act, repealing the War Risk Insurance Act. Section 303 of the act, as amended on March 4, 1925 (38 U.S.C.A. § 514), to cover a case of this type, reads: "Sec. 303. If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which were in course of payment on the date of the approval of this Act [March 4, 1925], shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act [chapter]. When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, That no award of yearly renewable term insurance made to the estate of a last surviving beneficiary prior to March 4, 1925, shall be affected by this amendment [the foregoing provisions]. In cases when the estate of an insured would escheat under the laws of the place

of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

Section 303 is retroactive on its face. Congress had power to make retrospective changes in the insurance contract, altering rights that would ordinarily be deem vested. White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L. Ed. 530. The provisions in section 303 govern the disposition of insurance proceeds in cases where the insured had died before enactment of the section. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923; McCullough v. Smith, 293 U.S. 228, 55 S.Ct. 157, 79 L.Ed. 297. In view of these cases, Hatch v. United States (D.C.) 29 F.(2d) 213, decided in the Northern District, cannot be taken as representing the law.

Section 303 as amended in 1925 covers three situations: First, where no person within the permitted class is designated as beneficiary by the insured; second, where the designated person does not survive the insured; third, where the designated beneficiary survives the insured but dies before receiving all the installments. As to all three cases the rule is laid down that the estate of the insured shall receive in a lump sum the present value of the monthly installments "thereafter payable, said value to be computed as of date of last payment made under any existing award." The present case being one where no one of the permitted class was named as beneficiary, the petitioner asserts that the value of the unpaid installments must be paid to her as administratrix of the insured's estate.

The argument is sound unless the case is one falling within the first proviso in the section. Under that proviso all awards in course of payment on March 4, 1925, were to continue until the death of the person receiving them or until forfeiture, whereupon the value of the installments then remaining unpaid was to be paid to the insured's estate in a lump sum. This is such a case. If the award to David had been the proper award, no question could fairly be raised as to the case being within the proviso. Arehart v. United States, 54 F.(2d) 301 (C.C.A. 7). The fact that the award was erroneous and that the amounts paid to David

were excessive does not alter the fact that the award to him was one in actual course of payment on March 4, 1925. But this does not mean, as I see it, that the award in course of payment on March 4, 1925, may not be modified by the United States so as to render it the correct award. It may be taken as certain that Congress did not intend, by enacting this proviso, to perpetuate blunders or errors made by the Veterans' Bureau or to give unalterable rights to a person who had obtained an excessive award by his own misrepresentations. The Bureau had power after March 4, 1925, to modify an erroneous award made prior to that date so as to let in a beneficiary to whom a portion of the monthly installments should have been given. More specifically, the Bureau had power after March 4, 1925, to modify the award theretofore made so as to give to David one-half the monthly installments and to give to Frank, Jr., one-half. It is true that the reference in the proviso is to the person "receiving such payments," the person "to whom such insurance was awarded prior to such date." But Congress was dealing with the ordinary case of a correct award and may fairly be taken as having intended that in an incorrect award the Bureau should follow the directions as nearly as may be. See Reivich v. United States, 25 F.(2d) 670, 672 (C.C.A.6).

This conclusion is assisted by section 602 of the 1924 Act (38 U.S.C.A. § 571), to the effect that rights and liabilities accrued prior to passage shall not be affected.

The estate of Frank Madden is entitled to one-half of the monthly installments that accrued between the death of the insured in 1922 and the death of Frank Madden in 1923. See section 26 of the 1924 Act (38 U.S.C.A. § 451); see, also, McCullough v. Smith, supra.

It follows that the proceeds now remaining unpaid should be dealt with in this manner: A sum representing monthly installments of $28.33½ from July 19, 1922, to September 5, 1923, should be paid to the estate of Frank Madden; a sum representing monthly installments of $28.-33½ from September 5, 1923, to date of payment should be paid to Frank Madden, Jr., and monthly payments of that amount for the future should be made to him for life; the remaining balance, if any, should be paid to the estate of the insured for

distribution to the personal representatives of his two brothers living at his death but now deceased. Even with this disposition the personal representative of Frank will not receive his or her due, because of the overpayments obtained by David in his lifetime. That injustice, however, can be remedied in the Surrogate's Court when it comes to distribute the funds of the insured's estate between the personal representatives of Frank and David.