## HENDRIX et al. v. GABRYSCH et al.
### No. 11527.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 24, 1945.

Rehearing Denied Nov. 21, 1945.

Conger & Baskin, of San Antonio, for appellants.

Ralph B. Lee, R. E. Seagler, and Rex G. Baker, all of Houston, and Fred V. Klingemann, of Karnes City, for appellees.

MURRAY, Justice.

This suit was instituted by A. A. Hendrix against Willie Gabrysch and his wife, Flavia Gabrysch, Humble Oil and Refining Company, a corporation, and G. A. Schroeder, seeking to set aside a trustee's sale and deed to approximately 130 acres of land situated in Atascosa County, Texas. Monarch Oil and Royalty Corporation intervened in the case, asserting certain mineral rights in the land.

The trial was to a jury and, in keeping with the jury's answers to the special issues submitted, judgment was rendered denying the plaintiff and intervener the relief sought. From this judgment A. A. Hendrix and Monarch Oil and Royalty Corporation have prosecuted this appeal.

Appellants' points 1, 2, 3 and 5, which are briefed together, present the contention that the trustee's sale was fraudulent and void because it was made for the purpose of defeating an outstanding mineral deed, and not for the purpose of collecting the amount due, and because the notice of sale recited there was $1,000 plus interest, due on the note, while in truth and in fact only $78.75 was due and unpaid; and, further, that $1,280 was bid for the land, but never paid to parties having an interest in the land.

The facts in this case are as follows:

Prior to September 27, 1922, A. D. Krawietz was the owner of two tracts of land situated in Atascosa County, one of 80 acres and the other of 49.51 acres, making a total of about 130 acres. On that date A. D. Krawietz executed a note in favor of Dr. R. C. Youngblood for the sum of $2,000, and a deed of trust securing said note by a lien upon his land in Atascosa County. Appellee Willie Gabrysch was and is the son-in-law of Krawietz, having married his daughter Flavia. Willie Gabrysch was the first person to speak to Youngblood about a loan. When the note and deed of trust were executed Dr. Youngblood paid the money over to Henry Gabrysch, a brother of Willie Gabrysch. The money was used by the families of A. D. Krawietz and Willie Gabrysch. Henry Gabrysch paid the interest on this note for a while and after that Willie Gabrysch made the payments. The note became past due twice and was renewed by Krawietz. Willie Gabrysch never signed the original note and deed of trust or either of the renewals. Payments were made from time to time on the note until, in September, 1938, the note had been fully paid by Willie Gabrysch, with the exception of $78.75. On or about September 17, 1938, Willie Gabrysch paid this sum to Dr. Youngblood and received a transfer of the note and deed of trust lien, reciting that there remained due and unpaid on said note the sum of $1,000, as principal, and some interest. C. A. Schroeder was named as substitute trustee and held a trustee's sale of the land. Willie Gabrysch bid the land in for the sum of $1,280, which was not paid in cash, but only by a credit on the note for that amount. Gabrysch then conveyed the land to his wife, reciting in the deed as follows: "In consideration of the sum of $10.00 to me in hand paid by my beloved wife, Flavia Gabrysch (nee Krawietz) out of her separate funds and estate, in cash, receipt whereof is hereby acknowledged, and the further consideration of the love and affection I bear for my beloved wife, and my desire that my beloved wife receive in full all of the below described property as her inheritance from her father, A. D. Krawietz, and mother, Konstantey Krawietz, as her separate estate and for her separate use," etc.

Long prior to the trustee's sale, A. D. Krawietz and wife had executed a mineral deed to 15/16 of the mineral under this land to one H. J. McMullen, and appellants A. A. Hendrix and Monarch Oil and Royalty Corporation had acquired this interest. If the trustee's sale was a valid sale it would have the effect of defeating appellants' rights in the minerals. After the trustee's sale Willie Gabrysch executed an oil lease upon the land to Humble Oil and Refining Company. This company is here contending that it held a valid lease and that if the trustee's sale was a fraudulent sale it had no knowledge of such fraud and is therefore protected as an innocent purchaser.

■ First, we take up the question as to what amount was due and unpaid on the note at the time of the trustee's sale. The only person who had made any payments on the principal of this note was Willie Gabrysch. He had done so at the request of A. D. Krawietz and under a promise that if he paid the note he could have the land. Under such circumstances he was entitled to be subrogated to all the rights of the original holder of the note; the debt was not extinguished by such payments, and Gabrysch was entitled to have the note and lien transferred to him upon the completion of the payment of the full amount due on the note. 29 Tex.Jur. p. 918, § 25; Harrison v. First Nat. Bank, Tex.Com.App., 238 S.W. 209. Therefore, there was at least $1,280 due on the note at the time of the trustee's sale and the notice of sale properly recited such fact.

■ Having decided that there was due on said note at the time of the sale, the sum of $1,280, it was proper for Gabrysch

518

to simply credit the note with the amount of his bid for the land.

 The fact that Gabrysch secured a trustee's sale for the purpose of getting good title to the land and for the purpose of defeating appellants' mineral deed to the land does not render the sale a fraudulent sale as a matter of law. Gabrysch knew nothing of the mineral deed at the time he was making the payments and expected to get the land free of all liens and encumbrances when he had completed the payment of the note. When he had about finished this payment he learned of the outstanding title to the minerals and had also heard there were abstracts of judgment against his father-in-law. He discussed these matters with A. N. Steinle, who is both a lawyer and an abstractor, and was advised to have the note transferred to himself and to have a trustee's sale of the land. This Gabrysch did. The jury's verdict was favorable to Gabrysch and we see no reason for setting this verdict aside.

Points 4, 6 and 7 are without merit and are overruled for reasons already stated.

 Appellants' eighth point contends that Humble Oil and Refining Company was not an innocent purchaser of an oil and gas lease on the land. We overrule this contention. The trustee's deed was regular in every way and there was nothing to put Humble Oil and Refining Company on notice of any possible fraud or defects. It was clearly an innocent purchaser of the oil and gas lease.

All other points made by appellants are without merit, and are necessarily overruled in the light of what has already been said herein.

 Appellant Hendrix filed his suit more than four years after the trustee's sale and after all of the transactions herein complained of had transpired. The assignment of the note from Dr. Youngblood to Willie Gabrysch, the appointment of a substitute trustee, the notice of trustee's sale, the trustee's deed and a quitclaim deed from Krawietz to Gabrysch, were all recorded in Atascosa County, more than four years before Hendrix instituted his suit and, of course, before the intervention of Monarch Oil and Royalty Corporation. The jury found, in effect, that appellants should have discovered the alleged fraud more than four years before the commencement of this suit, and that

finding is supported by sufficient evidence. Under such circumstances appellants' cause of action was barred 'under the provisions of Art. 5529, Vernon's Ann.Civ.Stats., which provides, in effect, that a cause of action such as this must be brought within four years from the time the fraud was committed, or from the time the fraud could or should have been discovered by appellants by the exercise of due diligence. Baird v. Mills, Tex.Civ.App., 119 S.W.2d 889; Carver v. Moore, Tex.Com.App., 288 S.W. 156; Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796.

 Appellants complain of certain errors in the court's charge, but fail to point out what objections were made by them to such charge, or what definitions or explanations were given by the court in connection with the special issues submitted by the trial court. In the absence of these matters appellants do not show error in the charge.

The judgment is affirmed.